UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JANET RAINES,

                            Plaintiff,                     **ORDER**
                                                          CV 09-4889 (LDW)(ARL)

       -against-

NORTH SHORE LONG ISLAND JEWISH
HEALTH SYSTEMS ,
                            Defendant.
------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

      Before the court is the plaintiff's letter motion dated May 25, 2011 seeking to compel defendant's responses to Plaintiff's Interrogatories 7, 13-15, and Document Requests 9-11, dated November 22, 2010. Defendant opposes the application and requests that to the extent that plaintiff's motion is granted that the parties enter into a confidentiality order with respect to the information. For the reasons set forth below, the plaintiff's motion is granted, in part.

      The plaintiff, Janet Raines, ("Raines"), commenced this action on November 12, 2009, alleging discrimination on the basis of race and color in violation of Title VII, Section 1981 and NYSHRL. Specifically, Raines claims that the defendant North Shore Long Island Jewish Health Systems ("North Shore") subjected her to disparate treatment in the form of extraordinarily harsh disciplinary measures while granting preferential treatment to similarly situated Caucasian employees. In connection with these allegations, Raines now requests that the court compel the defendant to provide the name, dates of employment, race and color of each employee similarly situated to plaintiff for the period between August 2004 through August 2010 as set forth in Interrogatory 7. Defendant objects to the interrogatory on the basis that it impermissibly calls for a legal conclusion.

      Fed. R. Civ. P. 33(a)(2) states in relevant part:

> An interrogatory is not objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact. . . .

Fed. R. Civ. P. 33(a)(2). Interrogatory 7 seeks information that requires a legal conclusion connected to the facts of the case, to wit, the employees who were similarly situated. "It is well-settled that an individual disparate treatment plaintiff may use statistical evidence regarding an employer's general practices at the pretext stage to help rebut the employer's purported nondiscriminatory explanation." *Hollander v. American Cyanamid Co.*, 895 F.2d 80, 84 (2d Cir. 1990). That being said, however, "the Circuit has noted that the comparisons underlying claims

of disparate treatment must be carefully drawn." *Jhirad v. TD Securities USA, Inc.*, 02-CV-7509, 2003 WL 1872654, at *4 (S.D.N.Y. Apr. 10, 2003) (quoting *Smith v. Xerox Corp.*, 196 F.3d 358, 370-71 (2d Cir. 1999) (holding that because intent is a critical issue in employment discrimination cases, "only a comparison between persons evaluated by the same decisionmaker is probative of discrimination"). In order to establish that she was treated less favorably than similarly situated employees outside her protective class, plaintiff must establish that she was "similarly situated in all material respects to the individuals with whom she seeks to compare herself." *Graham v. Long Island Rail Road*, 230 F.3d 34, 40 (2d Cir. 2000). "Balanced against the interest of a disparate treatment plaintiff in gathering statistical evidence is an employer's interest in maintaining the confidentiality of employee personnel files." *Duck v. Port Jefferson School Dist.*, No. 07CV2224 (ADS) (WDW), 2008 WL 2079916, at *4 (E.D.N.Y. May 14, 2008). Finally, the courts must impose reasonable limits on the scope of permissible discovery based upon the specific facts of the case. *See*, *e.g., Cronas v. Willis Group Holdings, Ltd*., 2008 WL 4548861, at *2 (S.D.N.Y. Oct. 8, 2008) (invoking Fed. R. Civ. P. 26(b)(2)(C) and denying discovery of centralized employment policies and practices because "[e]vidence of discriminatory acts taken by different supervisors in different offices against different employees would not tend to prove that plaintiffs had suffered discrimination"); *Sundaram v. Brookhaven Nat. Lab.*, 1996 WL 563829, at *2 (E.D.N.Y. Mar. 11, 1996) (denying demand for discovery concerning employees outside of plaintiff's "work unit"); *see also Obiajulu v. City of Rochester*, 166 F.R.D. 293 (W.D.N.Y. 1996). In the instant matter, although plaintiff may seek statistical information in support of her disparate treatment claim, the information requested in Interrogatory 7 must be limited to employees who worked in the same employment department, held similar rank and position, had the same supervisors and performed the similar job functions.

      The balance of plaintiff's requests seek the production of disciplinary information of three employees, Sondra Seegar, Lucille Savoie, and Kelly Madden on the basis that these individuals were similarly situated to her and would support her claim of disparate treatment. Defendant contends that the individuals are not similarly situated and the information sought implicates privacy interests. Here, plaintiff was employed in the system's customer service department. Although plaintiff avers that Ms. Seegar and Ms. Savoie were similarly situated to her because they were subject to the same workplace standards and disciplinary measures, had identical job qualifications, viz., a high school diploma, had similar job duties, and were required to abide by the same company-wide standards of discipline, attend the same meetings and read the same literature related to effective customer service, both Ms. Seegar and Ms. Savoie were employed in the system's collections department which was located in a different physical location, had different positions, were managed by different supervisors and were governed by and subject to different training requirements. Moreover, the specific job functions of employees in customer service centered on the receipt of in-bound calls from patients who had inquiries related to the services they received from the system, including billing questions, patient stays, and related patient matters. In contrast, employees in collections dealt with bad debt accounts, made outbound calls to debtors of the system with the primary goal of collecting debt. Accordingly, plaintiff's motion to compel defendant to produce disciplinary information concerning Ms. Seegar and Ms. Savoie is denied. Finally, because Ms. Madden was employed in

the same department as plaintiff, plaintiff's motion to compel defendant to produce disciplinary information regarding Ms. Madden is granted. The parties are directed to meet and confer in an attempt to fashion a confidentiality order with respect to the confidential information disclosed in compliance with this order.

      Also before the court is the plaintiff's letter application dated May 28, 2011, requesting an extension of time to complete discovery. On consent, the application is granted. All discovery is to be completed by September 30, 2011. The deadline to commence dispositive motion practice is October 31, 2011. The final conference is adjourned to November 15, 2011 at 2:30 p.m. Counsel are to file a proposed pretrial order in compliance with the district court's individual rules prior to the conference. No further extensions will be granted.

Dated: Central Islip, New York
      June 6, 2011

SO ORDERED:

_____/s/_____
ARLENE ROSARIO LINDSAY
United States Magistrate Judge

3